IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KYRA M. COOK,                        §
                                     §
                Plaintiff,           §
                                     §
V.                                   §          No. 3:23-cv-1502-G-BN
                                     §
COSTCO WHOLESALE                     §
CORPORATION,                         §
                                     §
                Defendant.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kyra M. Cook, a Texas resident, filed this lawsuit *pro se* against Defendant Costco Corporation, a Washington corporation, in a Rockwall County state court, alleging that she was injured while shopping at a Costco store due to Costco's negligence and seeking more than $250,000 in monetary damages, and Costco removed Cook's case under 28 U.S.C. §§ 1332 and 1441. *See* Dkt. No. 1.

Senior United States District Judge A. Joe Fish then referred the removed *pro se* action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Less than one week after Costco's removal, Cook filed an Objection and Response to the removal, *see* Dkt. No. 4, which should be construed as a motion to remand under 28 U.S.C. § 1447. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the construed motion to remand should be denied.

**Discussion**

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Here, the basis for removal is diversity jurisdiction. *See* Dkt. No. 1, ¶¶ 5-11. In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v.*

*Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

Neither the notice of removal nor the construed motion to remand identifies a defect that prevents the Court from asserting jurisdiction over this lawsuit under Section 1332. In fact, Cook seems to agree that there is diversity jurisdiction but, notwithstanding that, argues that "the state court is the appropriate forum to adjudicate the claims raised in this case, as they are based on state law and [Costco's] contact with Texas." Dkt. No. 4, ¶ 11. But this belief is not a basis to grant the construed motion to remand.

The Court should therefore deny the construed motion to remand.

## Recommendation

The Court should deny Plaintiff Plaintiff Kyra M. Cook's construed motion to remand under 28 U.S.C. § 1447 [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: July 13, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE