IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYRA M. COOK,<br>　　　　Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | No. 3:23-CV-1502-G-BW |
| COSTCO WHOLESALE<br>CORPORATION,<br>　　　　Defendant. | § <br> § <br> § <br> § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kyra M. Cook, appearing pro se in this case, noticed an appeal one day after her deadline to do so.  (*See* Dkt. No. 84.)  Now before the Court is Cook's opposed Motion to Extend Time to File Notice of Appeal, which she filed on February 13, 2026.  (Dkt. No. 85 ("Mot.").)  Defendant Costco Wholesale Corporation filed its response in opposition on February 25.  (Dkt. No. 89 ("Resp.").)  On the following day, Cook filed a motion for leave to file a reply in support of her motion, with her proposed reply attached.  (Dkt. No. 90.)

Pursuant to the orders of referral and Special Order 3-251, the undersigned recommends that Plaintiff's Motion for Leave to File Reply be granted and Plaintiff's Motion to Extend Time to File Notice of Appeal be denied.

## I.  BACKGROUND

A full recounting of the factual and procedural history is unnecessary here.  In brief, the Court found, over Cook's objections, that the parties entered into a

settlement agreement to resolve Cook's claims.  (Dkt. Nos. 51, 58.)  Its judgment recognized the enforceability of the settlement agreement, ordered Costco to pay the settlement amount, ordered Cook to execute a full and final release of all claims (if she had not already done so), and dismissed all claims with prejudice.  (Dkt. Nos. 59.)  Cook had not executed a full and final release when the judgment was entered, and there arose a dispute between the parties concerning that requirement.  The Court has since resolved that dispute as well, adopting a final settlement agreement that encompasses the material terms of the settlement.  (*See* Dkt. No. 76, 82.)  On January 12, 2026, the Court entered an order directing Costco to place the settlement funds in the Court's registry and requiring Cook to execute the final settlement agreement within 60 days before receiving the settlement funds.  (Dkt. No. 82.)

Cook filed a notice of appeal on February 12, 2026.  (Dkt. No. 84.)  This notice was filed one day after the 30-day deadline in Fed. R. App. P. 4(a)(1)(A).  On the following day, Cook filed the instant motion pursuant to Fed. R. App. P. 4(a)(5)(A)(i) for an extension of her deadline.  Cook acknowledges that her notice was filed a day late but contends that her pro se status, pregnancy complications, and responsibilities with work and school combine to constitute excusable neglect that justify an extension of the notice deadline.  (*See* Mot. at 2-3.)

## II.  LEGAL STANDARDS AND ANALYSIS

In civil cases such as this one, Fed. R. App. P. 4(a)(1)(A) requires that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed

from." But, under Fed. R. App. P. 4(a)(5)(A)(i), the district court is authorized to extend the deadline to file the notice of appeal if the party files a motion within 30 days after the deadline passes and shows "excusable neglect or good cause." "A determination of excusable neglect 'is at bottom an equitable one.'" *Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *2 (5th Cir. Sept. 8, 2025) (unpublished) (quoting *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998)).

Whether a party has shown excusable neglect or good cause depends on the particular facts and circumstances, and the Court's assessment considers "the danger of prejudice to the non-moving party[;] the length of the delay and its potential impact on judicial proceedings[;] the reason for the delay, including whether it was within the reasonable control of the movant[;] and whether the movant acted in good faith." *Guerra v. City of Pleasanton*, No. SA-20-CV-00536-XR, 2021 WL 2366102, at *1 (W.D. Tex. June 9, 2021) (quoting *Halicki*, 151 F.3d at 468–69 (brackets omitted)).[1] "Mere ignorance of the rules does not usually constitute excusable neglect." *Id.* at *2. The movant bears the burden of establishing excusable neglect or

---

[1] "The good cause and excusable neglect standards have 'different domains' and 'are not interchangeable.'" *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). "Excusable neglect" applies where the failure to timely file is the result of some fault—excusable or otherwise—such as when the extension is needed due to circumstances within the movant's control. *Id.* "Good cause" applies where the need for an extension is caused by circumstances that are no fault of the movant—for example, if the postal service fails to deliver a notice of appeal. *Id.* Under this rubric, Cook's motion invoke the standards applicable to excusable neglect.

good cause. *Murray v. Int'l Bus. Machines Corp.*, No. 3:14-CV-1809-M (BF), 2015 WL 6745798, at *2 (N.D. Tex. Oct. 7, 2015), *accepted*, 2015 WL 6703288 (N.D. Tex. Nov. 2, 2015).

Cook acknowledges that she understood that her notice of appeal was due within 30 days of the order. (Mot. at 4 ("My understanding is that a Notice of Appeal was due 30 days later.").) She simply thought that February 12—the day she filed the notice—was the 30th day. (Mot. at 3.) Upon realizing her mistake, she promptly filed her motion. She states that she is the late stages of pregnancy and was experiencing unspecified complications while also working, going to school, and prosecuting this lawsuit pro se. According to her, these circumstances "interfered with [her] ability to calendar and calculate deadlines with the precision expected of counsel." (Mot. at 3; *see also id.* at 5 ("[B]ecause I am not an attorney, I miscalculated the appeal deadline").) Costco contends that Cook's circumstances were not a surprise to her and did not prevent her from filing a timely notice. It also points out that Cooks provides no explanation why she would wait until what she believed was the final day to file the notice. (Resp. at 2-3.) Costco asserts that it would suffer prejudice if Cook's motion is granted, because it would continue to incur significant legal fees in a case it settled long ago. (Resp. at 3-4.)

The undersigned concludes that Cook has not met her burden to establish excusable neglect. The Fifth Circuit has squarely rejected her contention that her pro se status should weigh in her favor in the relevant analysis. *See Birl v. Estelle*, 660

F.2d 592, 592–93 (5th Cir. 1981).  In *Birl*, a pro se petitioner's notice of appeal was received 33 days after the judgment was entered, and it was filed the following day. *Id.* at 592.  The district court did not see any reason given for Birl's late filing but concluded that his pro se status should resolve the excusable-neglect determination in his favor.  *Id.* at 593.  The Fifth Circuit held this was error, because a pro se litigant must follow all relevant rules and "acquires no greater rights than a litigant represented by a lawyer[.]"  *Id.*

The Court did not weigh Birl's pro se status in his favor.  It noted that he received the judgment "in ample time to comply with the 30-day filing requirement," he was "an individual of at least ordinary intelligence who ha[d] access to a prison law library," and he was "not a stranger to the courthouse or to habeas corpus proceedings."  *Id.*  Similarly, Cook received the January 12 order practically simultaneously with its filing, she has shown throughout this lawsuit that she is intelligent, articulate, and capable of using technology resources for legal research, and she has amply demonstrated her ability to submit filings in this case.  The fact that Cook appears in this case pro se does not meaningfully contribute to excusable neglect.  And the undersigned specifically rejects Cooks assertion that, as a non-lawyer, she has a diminished ability to "calendar and calculate deadlines."  (*See* Mot. at 3.)

In weighing the factors the Court is to consider, the undersigned recognizes that the delay is minimal, and there is no reason to believe Cook is acting in bad

faith.  It also does not consider the prejudice to Costco to be substantial.  But the justification for the delay, "including whether it was within the reasonable control of the movant," *Halicki*, 151 F.3d at 468, weighs firmly against Cook.  She undoubtedly has many demands on her time and attention, but she has provided no explanation for having waited until what she believed was *literally* the final hour to file a notice of appeal.  (*See* Dkt. No. 90-1 at 1 (noting that she filed her notice of appeal at 11:15 p.m. on February 12, 2026).)  Cook had the benefit of 30 full days to file a notice of appeal.  By choosing to wait until what she thought were the last minutes before the deadline lapsed, she assumed some risk of miscalculation or other error.

The circumstances experienced by Cook are comparable to those in *Hernandez v. Univ. of Texas-Pan Am.*, 729 F. App'x 340 (5th Cir. 2018).  There, too, the delay (3 days) was minimal, and the prejudice to the non-movant was slight.  *Id.* at 340–41.  The appellant explained that the lateness of her notice was caused by an attorney who attributed the oversight to a busy law practice, his wife's surgery on the date of the deadline, his legal assistant's failure to calendar the deadline, and having taken a day off due to a hurricane.  *Id.*  The Fifth Circuit characterized these justifications as "weak."  *Id.*  There, the court pointed out the availability of other attorneys who could have filed a notice, but that distinction does not persuade that the reasons given by Cook are more meritorious than those experienced by the responsible attorney in *Hernandez*.

Cook was admittedly aware of the 30-day deadline to file a notice of appeal. She miscalculated the guideline and then waited until the final hour before that deadline passed to file a notice of appeal. These circumstances do not establish excusable neglect.

## IV. RECOMMENDATION

The District Judge should **GRANT** Plaintiff's Motion for Leave to File Reply (Dkt. No. 90) and **DENY** Plaintiff's Motion to Extend Time to File Notice of Appeal (Dkt. No. 85).

**SO RECOMMENDED** on March 2, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).