IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYRA M. COOK,<br>    Plaintiff, | § § § | |
| v. | § § | No. 3:23-CV-1502-G-BW |
| COSTCO WHOLESALE<br>CORPORATION,<br>    Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Kyra M. Cook's May 7, 2026 Motion for Order Releasing Settlement Funds from the Court Registry. (Dkt. No. 100.) Defendant Costco Wholesale Corporation filed a response on May 12 (Dkt. No. 102), and Cook filed two "Response and Objections" on May 12 that the undersigned construes as replies (*see* Dkt. Nos. 104, 105).

The Court has previously determined in these proceedings that the parties reached an agreement to settle Cook's claims, authorized Costco to deposit the settlement funds into the Court registry, and enabled Cook to receive those funds by timely tendering a signed settlement agreement. Cook attached a signed and notarized copy of the settlement agreement to her motion. (*See* Dkt. No. 100 at ECF pp. 6-9.) Costco has pointed out that the document erroneously states it was notarized on April 6, 2025 (*see* Dkt. No. 102 at 3), but Cook has certified that the release was notarized on April 6, 2026, and that the erroneous 2025 date was in the

-1-

preprinted document rather than a part of the date completed by the notary (Dkt. No. 105 at 1-2).

Based on the parties' filings, the undersigned finds that the conditions for Cook's receipt of the settlement funds have been met.  Therefore, the undersigned recommends that the District Judge **GRANT** Cook's May 7 motion (Dkt. No. 100) and authorize the Clerk of Court to release the settlement proceeds and all interest thereon being held in the court registry to Cook.

**SO RECOMMENDED** on May 13, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).